UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| WANDA LYNNE MCGLOTHLEN and CHARLES MCGLOTHLEN, </br></br>Plaintiffs, </br></br>vs. </br></br>M & M ENTERPRISES CORPORATION, </br></br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) )   3:14-cv-00174-RLY-MPB |

**ENTRY ON MOTIONS IN LIMINE**

A jury trial in this case is scheduled to begin on August 29, 2016. Plaintiffs, Wanda Lynne McGlothlen and Charles McGlothlen, filed a motion in limine with four subparts[1] regarding evidence that may be used or testimony that may be solicited at trial. Defendant, M & M Enterprises Corporation, filed four separate motions in limine. The court first addresses Plaintiffs' motions.

1. Plaintiffs' Motion in Limine 1 seeks to exclude any reference to Defendant as "Worldwide Missions." Defendant does not object. Therefore, Plaintiffs' Motion in Limine 1 (Filing No. 65) is **GRANTED**.

2. Plaintiffs' Motion in Limine 2 seeks to exclude any argument that Mrs. McGlothlen failed to mitigate her damages. Defendant does not object. Therefore, Plaintiffs' Motion in Limine 2 (Filing No. 65) is **GRANTED**.

---

[1] For simplicity, the court refers to each subpart of the motion in limine as a separate motion (e.g., Subpart 1 of Plaintiffs' Motion in Limine is referred to as Plaintiffs' Motion in Limine 1).

3. Plaintiffs' Motion in Limine 3 seeks to exclude any suggestion that Mrs. McGlothlen's claimed injuries are related to prior or subsequent injuries. Defendant does not object in that it will not introduce evidence of prior *injuries*. However, it argues that it should be allowed to introduce evidence that Mrs. McGlothlen's alleged disabilities, principally migraine headaches and possibly depression, are pre-existing medical *conditions*. Whereas Plaintiffs only discusses *injuries* in their brief, Plaintiffs' Motion in Limine 3 (Filing No. 65) is **GRANTED**.

4. Plaintiffs' Motion in Limine 4 seeks to exclude any surveillance video of Plaintiffs. Defendant does not object. Therefore, Plaintiffs' Motion in Limine 4 (Filing No. 65) is **GRANTED**.

The court now turns to Defendant's Motions in Limine.

1. Defendant's Motion in Limine 1 seeks to limit the testimony of Mary Pry and Martha Hayes so as to exclude any testimony related to liability because it admitted liability. (*See* Filing No. 53, Defendant's Admission of Liability). Plaintiffs object, arguing, *inter alia*, that such testimony provides context for this incident and is relevant to the issue of evidence spoliation. Because this testimony is not the type of evidence that "clearly would be inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), Defendant's Motion in Limine 1 (Filing No. 56) is **DENIED**.

2. Defendant's Motion in Limine 2 seeks to exclude videos of shelves in the store where this incident occurred. Defendant argues that these videos only go to the issue of liability and are therefore irrelevant. Plaintiffs object, arguing, *inter alia*, that these

videos provide context and help the jurors get a clear picture of how the incident occurred. The court agrees. Therefore, Defendant's Motion in Limine 2 (Filing No. 57) is **DENIED**.

3. Defendant's Motion in Limine 3 seeks to exclude any evidence regarding liability insurance. Plaintiffs do not object. Therefore, Defendant's Motion in Limine 3 (Filing No. 58) is **GRANTED**.

4. Defendant's Motion in Limine 4 seeks to exclude two videos, each showing a different toy vacuum cleaner falling from a shelf. Defendant argues that there is no way to know whether the videos accurately depict the manner in which the vacuum fell when the actual incident occurred. *See Allen v. State*, 813 N.E.2d 349, 364 (Ind. Ct. App. 2004) (noting that reconstructive evidence must "recreate conditions substantially similar to those existing at the time of the issue being litigated," and whether those conditions "have been sufficiently duplicated is of critical concern for the admission of reconstructive evidence"). Moreover, Defendant emphasizes that the videos would be highly prejudicial because they depict vacuums slamming onto a concrete floor, with at least one breaking into pieces. *See* Fed. R. Evid. 403.

Plaintiffs retort that "it is not essential that the conditions be precisely reproduced in all their details, and any departure goes to the weight rather than the admissibility of the evidence." *Allen*, 813 N.E.2d at 364. Plaintiffs also suggest that any risk of prejudice to the jury can be mitigated through a limiting instruction.

The court finds that while these videos are relevant, their probative value is substantially outweighed by a danger of unfair prejudice to Defendant. In this case, the

vacuum fell from a shelf and hit Mrs. McGlothlen in the head. It did not hit a concrete floor. If jurors hear the loud noises when each vacuum collides with the concrete floor, and then see one of the vacuums break into pieces, they will likely become inflamed in a way that limiting instructions cannot cure. Therefore, Defendant's Motion in Limine 4 (Filing No. 59) is **GRANTED**.

In summary, Plaintiffs' Motion in Limine (Filing No. 65) is **GRANTED**. Two of Defendant's Motions in Limine (Filing Nos. 56, 57) are **DENIED** and two (Filing Nos. 58, 59) are **GRANTED**.

**SO ORDERED** this 26th day of August 2016.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.