UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| WANDA LYNNE MCGLOTHLEN and CHARLES MCGLOTHLEN, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) 3:14-cv-00174-RLY-MPB ) ) |
| M & M ENTERPRISES CORPORATION, | ) ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO REDUCE VERDICT BY ADVANCE PAYMENTS and PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY**

This action was tried by a jury from August 29-31, 2016, and the jury rendered a verdict for Plaintiffs, Wanda Lynne McGlothlen and Charles McGlothlen. The jury awarded $30,000.00 to Mrs. McGlothlen and nothing to Mr. McGlothlen. Defendant, M & M Enterprises Corporation, now emphasizes that its insurer, Auto-Owners Insurance Company, paid $4,829.15 in medical expenses as advance payments against any potential damages arising out of Mrs. McGlothlen's bodily injury claim. Defendant therefore moves to reduce the jury award by $4,829.15.

In support, Defendant cites Indiana Code § 34-44-2-4. Subsection (a) provides, "An advance payment made by an insurance company on behalf of an insured does not increase the limits of liability of the insurance company under any existing policy of insurance." Subsection (b) states, "The amount of an advance payment made in respect to any claim shall be credited against any obligation of the insurance company in respect to the claim." Defendant seizes upon the language in subsection (b) and argues that the

advance payments made by its insurer should serve as a credit against the jury verdict. Yet, nothing in the plain language of the statute authorizes the court to reduce a jury award. Put in context, subsection (b) merely addresses the limit (i.e., the "obligation") contained within the policy, which is an agreement between the insurer and the insured. Thus, the $4,829.15 Auto-Owners paid to Mrs. McGlothlen must be credited against the limit of its obligation to indemnify Defendant.

As Plaintiffs note, the court is authorized to reduce a jury award in a personal injury case pursuant to a different statute in this same chapter, Indiana Code § 34-44-2-3. According to Section 3, "the court shall reduce the award to the plaintiff to the extent that the award includes an amount paid by the advance payment." However, this provision does not apply here because no evidence of medical expenses was introduced at trial and all language referring to medical expenses was removed from the pattern jury instructions. It is undisputed that Plaintiffs decided not to put the issue of medical expenses before the jury. Whereas neither Sections 3 nor 4 authorize the court to reduce the jury's award, Defendant's motion must be denied.

Plaintiffs aver Defendant's motion is frivolous and consequently request attorney's fees pursuant to Indiana Code § 34-52-1-1(b). A claim or defense qualifies as "frivolous" under this statute if (1) "it is taken primarily for the purpose of harassing or maliciously injuring a person"; (2) "the lawyer is unable to make a good faith and rational argument on the merits of the action"; or (3) "the lawyer is unable to support the action taken by a good faith and rational argument for an extension, modification, or reversal of existing law." *Alexin, LLC v. Olympic Metals, LLC*, 53 N.E.3d 1184, 1193

(Ind. Ct. App. 2016). With regard to the first circumstance, Plaintiffs do not suggest that this motion was filed for the purpose of harassment or causing injury. The second and third circumstances are not present here either, as the court finds that Defendant made "a good faith and rational argument" in bringing this motion. Importantly, no courts have directly held that Defendant's position is wrong. In fact, this court was unable to find a single case interpreting Section 4. While the court disagrees with Defendant's reading of Section 4, that does not warrant an award of attorney's fees.

Therefore, Defendant's Motion to Reduce Verdict by Advance Payments (Filing No. 100) and Plaintiffs' request for attorney's fees are both **DENIED**. After Defendant filed its reply brief for this motion, Plaintiffs moved for leave to file a surreply brief. Defendant did not object. Therefore, Plaintiffs' Motion for Leave to File Surreply (Filing No. 104) is **GRANTED**. Final Judgment shall issue accordingly.

**SO ORDERED** this 18th day of October 2016.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.